**Barry Douglas WILLIAMS,
Petitioner,**

v.

**COMMONWEALTH OF VIRGINIA,
Respondent.**

Civ. A. No. 75-20(C).

United States District Court,
W. D. Virginia,
Charlottesville Division.

June 25, 1975.

Barry Douglas Williams, pro se.

Alan Katz, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Barry Douglas Williams has brought this action to remove his pending state prosecution to federal court and to enjoin the use in his state court trial of evidence allegedly obtained in violation of the fourteenth amendment. Williams is currently being detained by state officials pending his state trial on two counts of breaking and entering in violation of Code of Virginia as amended, § 18.1–86 and § 18.1–89 (1950).

Title 28, U.S.C. § 1443 provides that a defendant in a state criminal prosecution may remove that trial to a federal district court when the defendant ". . is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . ." or

when a defendant is to be tried "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

Williams has presented no claim that would support removal to federal court of his pending state prosecutions for breaking and entering. Only where a state prosecution would violate rights arising under any federal law specifically providing for racial equality or where a state prosecution would violate rights that cannot be enforced in state court will removal lie under 28 U.S.C. § 1443 (1). *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). Nor has Williams made any claim that he acted under the authority of any law providing for equal rights.

Williams also seeks a federal injunction against the use of evidence illegally obtained under the United States Constitution. It is the well settled policy of the federal courts to refrain from disruptive intervention in state criminal proceedings. When a federal court is asked to intervene piecemeal in a state criminal prosecution to consider collateral issues, as Williams requests here, federal courts are even more reluctant to intervene. Accordingly, it would be improper to enjoin the use in a state prosecution of evidence allegedly obtained illegally. *Stefanelli v. Minard*, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951). Williams at his state trial will have the opportunity to contest the validity of any evidence the prosecution attempts to introduce. The ruling of the state trial court may be appealed to the Virginia Supreme Court and the United States Supreme Court.

For the above reasons, this case is dismissed.